No. 13,931.

MELVILLE *v.* WETTENGEL.
(57 P. [2d] 699)

Decided April 21, 1936.

Mr. MAX D. MELVILLE, pro se.

Mr. WILLIAM V. HODGES, Mr. HORACE N. HAWKINS, for respondent.

*En Banc.*

MR. JUSTICE BURKE sitting as chief justice.

MR. JUSTICE HILLIARD delivered the opinion of the court.

THE respondent is a member of the bar of the court

529

and district attorney of the second judicial district. March 10, 1936, the petitioner, also a member of the bar, prayed that a citation issue commanding the respondent to show cause why he should not be disbarred and punished for contempt of the court for having committed perjury before the committee on grievances of the Colorado Bar Association at a hearing before it upon charges preferred against him by the committee on order of the court. Upon that petition a citation to show cause issued, and in response thereto respondent duly filed a return to which petitioner replied. The issues thus presented were tried before the court en banc, but Mr. Chief Justice Campbell, because of illness, did not sit or participate in the decision.

The petitioner alleged that the respondent had sworn falsely before the committee in that he had produced and vouched for a photostatic reproduction of an asserted registration card of Hotel Dixon, Kansas City, Missouri, bearing serial number 14001, and in the handwriting of the respondent, which, on its face, showed that the respondent and his wife registered at that hotel on April 19, 1933, whereas in fact said card was a.fabrication in which respondent connived for the purpose of defending himself against a charge of perjury, before a grand jury, being investigated by the committee. In support of these allegations there were annexed to the petition the photostatic reproduction aforesaid, and a like reproduction of an asserted registration card of said hotel, also bearing serial number 14001, dated April 19, 1933, and alleged not to be in the handwriting of the respondent. In the first of these cards, identified as Exhibit 2, the registrants' names and address appear as "Mr. and Mrs. Harold Proctor, 1195 South Ogden street, Denver, Colorado," while in the second card, Exhibit 3, the names and address are "Harold Proctor and Wife, St. Louis, Mo." In his return the respondent admitted that he had produced and vouched for Exhibit 2 as substantiation that he had in fact registered at the hotel on the date

indicated. He further alleged that Exhibit 3 was not a genuine registration card of the hotel, and that if such a card was found in the records of the hotel, as the petitioner averred, it was "necessarily a fabricated, spurious registration card, forged and fabricated since respondent testified before said committee."

The trial consumed the greater part of five days, and much testimony, including that of experts qualified to give opinions upon handwriting, printing and reproduction of written and printed documents, was adduced by the petitioner and the respondent. It is not necessary that we summarize or discuss the evidence at length, or call attention to any other of the many exhibits before us. It is sufficient to say that the justices participating are unanimously of the opinion that Exhibit 3, the original of which was produced on the trial, was clearly and conclusively proven to be a genuine registration card of Hotel Dixon, and that Exhibit 2, the original of which the hotel's manager testified could not be found or produced, was clearly and convincingly shown to be a forgery, fabricated by and for the respondent with intent on his part to mislead and deceive the committee. As to our conclusion upon the first point we are fortified by the admission of respondent on the trial that Exhibit 3 is a genuine form of registration card of the hotel. As to the second point the showing was such as to leave no reasonable doubt of the correctness of our view. It remains only, therefore, to determine, on this record and our conclusions from the evidence, what our judgment should be.

We find no occasion to pass upon respondent's motion to strike a part of the petition upon the ground that it is abusive, although it seems clear no issuable fact was presented by the part in question. Neither do we think it necessary to determine whether the respondent's conduct before the committee was contemptuous. If it was, our judgment is sufficient punishment; if it was not, our pronouncement would be no less severe.

We turn now to the question of the sentence that

should be imposed. On this head there was wide divergence of opinion among the justices. The varying suggestions of the members need not, however, be detailed, inasmuch as unanimity prevails as to the judgment now pronounced, namely, that the respondent be indefinitely suspended as a member of the bar of the court. Accordingly let it be so ordered, subject to the expressions in the next and concluding paragraph.

As has been observed, the respondent is district attorney of the second judicial district. The question is not before us as to whether our order works a forfeiture of the office. Doubt, nevertheless, may arise concerning the effect of our judgment upon the right of the respondent to continue in the office and the validity of his acts as such official, with resultant uncertainty and litigation. Let it be further ordered, therefore, that the suspension of the respondent shall not forbid his performance of the duties of the office until the expiration of his present term. Cf. *In re Maestretti,* 30 Nev. 187, 191, 93 Pac. 1005; *Snyder's Case,* 301 Pa. St. 276, 152 Atl. 33, 76 A. L. R. 666.

Rule sustained and respondent indefinitely suspended.